IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CR 85-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| THERESA LORENE BURNS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#210) filed on January 25, 2016 in the above entitled cause by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared Defendant was present with her counsel, Renae Alt-Summers, and the Government was present through AUSA, Tom Ascik, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through her attorney, admitted the allegation contained in the Violation Report. The government introduced without objection the Violation Report into evidence.

1

The Defendant was charged in a bill of indictment filed on September 15, 2015 with one count of conspiracy to distribute methamphetamine and with a second count of possessing with intent to distribute methamphetamine.

A hearing was held in regard to the detention of Defendant on September 22, 2015. On that date, the undersigned entered an Order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release;

(8)(p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.

On December 8, 2015, Defendant submitted to an urinalysis test at which time Defendant tested positive for the use of methamphetamines. On January 6, 2016 the Defendant submitted to an urinalysis drug test which again tested positive for the use of methamphetamines.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

(1) finds that there is----
(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant has committed a federal and state crime while on release. Defendant consumed methamphetamine which is a misdemeanor under federal law, 21 U.S.C. § 844 and is a felony under state law, N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148 that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the condition of release that ordered her to refrain from use or

unlawful possession of a narcotic drug unless it was prescribed by a license medical practitioner. Defendant has clearly violated this condition by using methamphetamine which is a drug which is not prescribed by a licensed medical practitioner.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned, that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of prehearing release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: February 2, 2016

*Dennis L. Howell* (signature)

Dennis L. Howell
United States Magistrate Judge